**BELFAST, Plaintiff-Appellant, v. PATTERSON, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3864.   Decided October 11, 1956.

Modarelli & Modarelli, Youngstown, for plaintiff-appellant.

William E. Pfau, William E. Pfau, Jr., Youngstown, for defendant-appellee.

## OPINION

Per CURIAM.

Plaintiff appealed on questions of law from a judgment of the court of common pleas entered upon a jury verdict for defendant in plaintiff's action filed in that court to recover from defendant for damages to his person and automobile allegedly resulting from defendant's negligence in the operation of an automobile on Market Street, a duly dedicated and accepted public street of the City of Youngstown, Ohio.

Plaintiff claims by pleadings and evidence that he stopped his automobile headed south on Market Street, which was at that time and for some time prior thereto had been visible and discernible to defendant who was operating an automobile in the same direction on the same street, and that while stopped defendant operated his automobile into collision with that of plaintiff.

Plaintiff testified he signalled his intention to stop his automobile and defendant testified he did not give any warning of such intention to stop.

There is evidence plaintiff stopped his automobile to avoid striking a small animal which suddenly crossed the path of his automobile; and evidence that he stopped suddenly to greet friends standing on the street.

By assigned grounds of error plaintiff contends:—

"1. The verdict of the jury is against the manifest weight of the evidence.

"2. The admissions into evidence by the defendant, allegations and innuendoes causing prejudice and bias against the plaintiff.

"3. The court erred in not excluding the evidence of a former criminal case.

"4. The court erred in making remarks prejudicial within the hearing of the jurors.

"5. The court erred in refusing to charge the jury before arguments of counsel, certain propositions of law applicable to the cause, requested by the plaintiff.

"6. That the verdict of the jury was made under the influence of passion and prejudice."

Defendant admits that he violated the assured clear distance ahead rule, but claims that the plaintiff violated the statutory requirements that he give a signal of his intention to stop.

The evidence as to the manner in which the collision happened is decidedly conflicting and contradictory upon the issue of plaintiff's contributory negligence in failing to give warning of his intention to stop thereby presenting a question for the determination of the jury as to whether plaintiff was exercising the degree of care required of him as a user of the highway.

"Negligence in motor vehicle cases, as in negligence cases generally, is the failure to exercise ordinary care so as to avoid injury to others. * * *

"It is an obligation of the driver of an automobile to watch everything and everybody, not only in front of him but on the sides and in the rear * * *." **6 O. Jur. (2d), Section 211, Page 428.**

Considering all of the evidence, medical and otherwise, this court can not reverse the judgment of the trial court on the ground it is against the manifest weight of the evidence nor on any of the other assigned grounds of error. The judgment of the trial court is affirmed.

PHILLIPS, PJ, NICHOLS and GRIFFITH, JJ, concur.